**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SONNY NEWLAND,

        Plaintiff,

v.                                                     Case No. 2:09-CV-10416

LIVINGSTON CO., et al.,

        Defendants.
                                              /

**ORDER DENYING PLAINTIFF'S "MOTION TO ALTER,
AMEND OR SET ASIDE ORDER DISMISSING CASE"**

       This matter is before the court on Plaintiff Sonny Newland's "Motion to Alter, Amend or Set Aside Order Dismissing Case," concerning the Court's summary dismissal of Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983. On February 11, 2009, the court dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted and on the basis of immunity. Plaintiff now seeks reversal of the court's decision dismissing his complaint so that he may proceed on his claims.

       A court is to construe a *pro se* plaintiff's requests generously. *See Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). However, even construing Plaintiff's motion under any of the possible motions for relief or reconsideration, the court would nonetheless deny Plaintiff's motion.

       First, Plaintiff titled his motion similarly to a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). Because the court properly

dismissed Plaintiff's civil rights complaint for failure to state a claim upon which relief may be granted and on the basis of immunity, and Plaintiff's case did not proceed to judgment, Plaintiff is not entitled to relief under Rule 59(e).

Nor is Plaintiff entitled to relief pursuant to the other rules pertaining to requests for reconsideration.  Under Eastern District of Michigan Local Rule 7.1(g)(3), a motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  See *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Plaintiff has not shown a palpable defect by which the court has been misled, nor has he shown that a different disposition would result from a correction thereof, as required by Local Rule 7.1(g)(3).

Even if the court were to consider Plaintiff's motion under Federal Rule of Civil Procedure 60(b), Plaintiff is not entitled to relief.  Under Rule 60(b), a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Plaintiff has made no showing sufficient for relief pursuant to Rule 60(b).  His complaint was properly

dismissed for failure to state a claim upon which relief may be granted and on the basis of immunity.

Finally, to the extent that Plaintiff seeks to cure a perceived defect in his initial pleadings, the court will deny his motion because of the court's dismissal of his civil rights complaint. The court may not permit Plaintiff to amend his complaint to defeat summary dismissal. *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Clayton v. United States*, 136 F. App'x 840, 842 (6th Cir. 2005).

For the reasons stated above, the court concludes that Plaintiff's motion lacks merit, and he is not entitled to the requested relief. Accordingly,

IT IS ORDERED that Plaintiff's motion [Dkt. #7] is DENIED.


          s/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: March 6, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2009, by electronic and/or ordinary mail.

          s/Lisa G. Wagner
          Case Manager and Deputy Clerk
          (313) 234-5522